## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| VAL-MATIC VALVE AND MANUFACTURING CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 16-cv-5279 |
| v. | ) ) | |
| VSI WATERWORKS, LLC, VALVE SOLUTIONS, INC., and VSI, LLC. | ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff Val-Matic Valve and Manufacturing Corporation ("Val-Matic"), for its complaint against Defendants VSI Waterworks, LLC, Valve Solutions Inc., and VSI, LLC, alleges as follows:

## NATURE OF THE ACTION

1. This is an action by Val-Matic to combat and cease the unlawful use of its trademarks by one or more of VSI Waterworks, LLC, Valve Solutions Inc., and VSI, LLC.

2. As a direct and proximate result of the unlawful infringing activities complained of herein, Val-Matic has been irreparably harmed. Val-Matic seeks injunctive relief, damages, costs, and attorneys' fees.

**THE PARTIES**

3.     Val-Matic is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Elmhurst, Illinois.  Val-Matic designs and markets various valves for different water/wastewater, industrial, and building applications.

4.     Defendant VSI Waterworks, LLC, upon information and belief, is a limited liability company, organized under the laws of Georgia, and having a principal place of business at 1155 Alpha Drive, Alpharetta, Georgia.

5.      Defendant VSI, LLC, upon information and belief, is a limited liability company, organized under the laws of Georgia, and having a principal place of business at 1155 Alpha Drive, Alpharetta, Georgia.

6.     Defendant Valve Solutions, Inc., upon information and belief, is a corporation, organized under the laws of Georgia, and having a principal place of business at 1155 Alpha Drive, Alpharetta, Georgia.

7.     Hereinafter VSI Waterworks, LLC, VSI, LLC, and Valve Solutions, Inc. are collectively referred to as "Defendants."

8.     Upon information and belief, Defendants own and/or operate a website with the internet address of https://www.vsiwaterworks.com (the "Defendants' Website") and/or use the Defendants' Website to advertise Defendants' business and products and solicit customers with its infringing and unlawful activities throughout the United States and in the State of Illinois.

9.     The Defendants' Website states that "[s]ince 1995, VSI Waterworks has been manufacturing Butterfly, Plug, Gate, Ball and Check valves."  A true and correct copy of a web page found at http://www.vsiwaterworks.com/about/ is attached hereto as **Exhibit A** and by this reference is incorporated herein.

2

10.     However, according to the records of the Georgia Secretary of State, VSI Waterworks, LLC was formed in 2013.  A true and correct copy of the Articles of Incorporation for VSI Waterworks, LLC is attached hereto as **Exhibit B** and by this reference is incorporated herein.

11.     The Defendants' Website further explains that "[a]uthorized VSI emails will always come from emails with these domains: @vsiwaterworks.com [or] @valvesolutions.com." A true and correct copy of a web page found at http://www.vsiwaterworks.com/counterfeit-vsi-products/ is attached hereto as **Exhibit C** and by this reference is incorporated herein.

12.     The domain registration for the Defendants' Website lists an email address with the domain "@valvesolutions.com" as the registrant, administrator and technical contact.  A true and correct copy of the Registration Information for the Defendants Website, available from http://www.networksolutions.com/, is attached hereto as **Exhibit D** and by this reference is incorporated herein.

13.     The Defendants' website provides one or more hyperlinks to another website: http://www.valvesolutions.com/index.html (the "Related Website").   The Related Website provides one or more hyperlinks to the Defendants' Website.  A true and correct copy of the landing page of the Related Website is attached hereto as **Exhibit E** and by this reference is incorporated herein.

14.     A warranty for some, if not all, of the various products promoted on the Defendants' Website includes the names "VSI Waterworks," "VSI Company," "VSI," and "Valve Solutions Inc." and includes a seal that purports to be a corporate seal for "Valve Solutions, Inc."  A true and correct copy of a warranty available from the Defendants' Website is attached hereto as **Exhibit F** and by this reference is incorporated herein.

3

15.    Based upon the foregoing, Defendants are both individually, as well as, jointly and severally labile for the tortious actions complained of herein.

## JURISDICTION AND VENUE

16.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq*., 28 U.S.C. §§ 1338(a) and (b), and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

17.    This Court may properly exercise personal jurisdiction over Defendants, since Defendants have sold products in Illinois, purposefully direct Defendants' business activities toward consumers in Illinois, derive a commercial benefit from its contacts with the State of Illinois, and harm Val-Matic's business within the State of Illinois.

18.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).  A substantial part of the events giving rise to Val-Matic's claims occurred in this judicial district. Defendants are subject to personal jurisdiction in this judicial district.

## FACTS COMMON TO ALL COUNTS

19.    Val-Matic was founded in 1966 and began as a company selling a single product line for silent check valves.

20.    Within a year, a second product line for air valves was added and today Val-Matic is a leading supplier of valves in North America.

21.     In or around 1980 Val-Matic introduced, *inter alia*, its DUAL DISC® check valve product line.

22.     Subsequently, in or around 1986, Val-Matic introduced its SWING-FLEX® check valve product line.

23.     Throughout the years, Val-Matic has innovated, designed, manufactured, and sold various valves for different water/wastewater, industrial, and building applications.  Val-Matic continues to be a leading designer, manufacturer, and seller of various valves, including, for example, check valves, quarter turn shut-off valves, air valves and foot valves, for water/wastewater, industrial and building markets.

24.     In fact, Val-Matic and its superior products are so well known, that oftentimes builders and customers specifically identify Val-Matic and/or its products in building plans and specifications.  Accordingly, Val-Matic and its products are well known and respected throughout its industry.

25.     In order to protect the goodwill and secondary meaning Val-Matic has created, Val-Matic has adopted, used, and owns various trademarks in connection with valves and plumbing fittings.

26.     Specifically, Val-Matic filed for and obtained U.S. Trademark Registration No. 1,781,283 for SWING-FLEX® in association with plumbing fittings, namely check valves.  A true and correct copy of U.S. Trademark Registration No. 1,781,283 is attached hereto as **Exhibit G** and by this reference is incorporated herein.

27.     U.S. Trademark Registration No. 1,781,283 was issued on July 13, 1993, is valid, has become incontestable, and has not been licensed by Val-Matic to Defendants for use in any manner whatsoever.

28.     Additionally, Val-Matic filed for and obtained U.S. Trademark Registration No. 3,119,333 for DUAL DISC® in association with automatic valves, namely wafer style and groove end style spring loaded check valves.  A true and correct copy of U.S. Trademark Registration No. 3,119,333 is attached hereto as **Exhibit H** and by this reference is incorporated herein.

29.      U.S. Trademark Registration No. 3,119,333 was issued on July 25, 2006, is valid, has become incontestable, and has not been licensed by Val-Matic to Defendants for use in any manner whatsoever.

30.     Val-Matic's SWING-FLEX® and DUAL DISC® marks are distinctive and signify to members of the consuming public that the products come from Val-Matic and are manufactured to the highest standard of quality.

## DEFENDANTS' UNLAWFUL CONDUCT

31.     Upon information and belief, Defendants are involved in the importation, manufacture, purchase, distribution, offering for sale and/or sale of plumbing fittings, including automatic valves and check valves, and related products to the general public and relevant industry.

32.     Upon information and belief, Defendants advertise and solicits business, *inter alia*, over the internet throughout the country, including within Illinois using the Defendants' Website.

33.     Specifically, Defendants identify, display and advertise various check valves on the Defendants' Website.

34.     One such product advertised and promoted on Defendants' Website is the CVII Resilient Flap Check Valve.  A true and correct copy of the webpage for the CVII Resilient Flap Check Valve from Defendants' Website is attached hereto as **Exhibit I** and by this reference is incorporated herein.

35.     Available for download at the webpage for the CVII Resilient Flap Check Valve from Defendants' Website is a "Product Data Sheet."  A true and correct copy of the CVII Resilient Flap Check Valve Product Data Sheet (available from the webpage for the CVII Resilient Flap Check Valve from Defendants' Website (**Exhibit I**)) is attached hereto as **Exhibit J** and by this reference is incorporated herein.

36.     In the CVII Resilient Flap Check Valve Product Data Sheet, the CVII Resilient Flap Check Valve is referred to as a "Swing-Flex Check Valve" at least seven different times.  *See*, **Exhibit J**.

37.     The use of "Swing-Flex" on or in association with Defendants' CVII Resilient Flap Check Valve is likely to, *inter alia*, cause confusion, mistake, and/or deception among consumers or potential consumers with Val-Matic's SWING-FLEX® mark.

38.     Upon information and belief, Defendants provide the CVII Resilient Flap Check Valve Product Data Sheet (**Exhibit J**) to sales agent(s) so that the sales agent(s) may provide same to customers, engineers, building owners, project managers, architects, or other similarly positioned individuals or companies.

39.     Another product that is advertised and promoted on Defendants' Website is the CVIII Double Disc Check Valve.  A true and correct copy of the webpage for the CVIII Double Disc Check Valve from Defendants' Website is attached hereto as **Exhibit K** and by this reference is incorporated herein.

40.     Available for download at the webpage for the CVIII Double Disc Check Valve from Defendants' Website is a "Product Data Sheet."  A true and correct copy of the CVIII Double Disc Check Valve Product Data Sheet (available from the webpage for CVIII Double Disc Check

Valve from Defendants' Website (**Exhibit K**)) is attached hereto as **Exhibit L** and by this reference is incorporated herein.

41.     In the CVIII Double Disc Check Valve Product Data Sheet, the CVIII Double Disc Check Valve is referred to as a "Dual-Disc Check Valve" at least four different times. *See*, **Exhibit L**.

42.     The use of "Dual-Disc" on or in association with Defendants' CVIII Double Disc Check Valve is likely to, *inter alia*, cause confusion, mistake, and/or deception among consumers or potential consumers with Val-Matic's DUAL DISC® mark.

43.     Upon information and belief, Defendants provide the CVIII Double Disc Check Valve Product Data Sheet (**Exhibit L**) to sales agent(s) so that the sales agent(s) may provide same to customers, engineers, building owners, project managers, architects, or other similarly positioned individuals or companies.

44.     As evidenced by the foregoing, Defendants have infringed and continue to infringe Val-Matic's rights in and to its SWING-FLEX® and DUAL DISC® marks by using the marks "Dual-Disc" and "Swing-Flex" (the "Infringing Marks").

## FIRST CLAIM FOR RELIEF

### Trademark Infringement and Counterfeiting of U.S. Reg. No. 1,781,283

### under 15 U.S.C. § 1114

45.     Val-Matic repeats and alleges the allegations set forth in paragraphs 1 through 44 above, as if set forth fully herein.

46.     Val-Matic owns the exclusive rights to the U.S. Reg. No. 1,781,283 and the SWING-FLEX® mark.

47.     Val-Matic's use of the SWING-FLEX® in the United States predates that of Defendants.

48.     Notwithstanding Val-Matic's well known and prior common law and statutory rights in the SWING-FLEX® mark, Defendants, upon information and belief, have, with actual knowledge and constructive notice of Val-Matic's federal registration rights and long after Val-Matic established its rights in the SWING-FLEX® mark, adopted and used "Swing-Flex" in conjunction with the promotion, advertising, sale and transportation of check valves and related products in interstate commerce.

49.     Defendants' use of "Swing-Flex" on or in association with Defendants' CVII Resilient Flap Check Valve is likely to, *inter alia*, cause confusion, mistake, and/or deception among consumers or potential consumers with Val-Matic's SWING-FLEX® mark.

50.     Defendants' "Swing-Flex" mark is identical to Val-Matic's SWING-FLEX® mark and thus comprises a counterfeit mark.

51.     Val-Matic has not authorized, licensed or otherwise condoned or consented to Defendants' use of "Swing-Flex."

52.     Accordingly, the acts of Defendants alleged herein above comprise a violation of 15 U.S.C. § 1114 because Defendants are willfully infringing and/or intentionally using counterfeits of the Val-Matic SWING-FLEX® mark.

53.     Unless restrained and enjoined by this Court, such conduct will permit Defendants to gain an unfair competitive advantage over Val-Matic, enjoy the selling power of the SWING-FLEX® mark, allow Defendants to interfere with Val-Matic's continued promotion and expansion of the SWING-FLEX® mark, and continue to cause irreparable injury to Val-Matic if Defendants are not restrained by the Court from further violation of Val-Matic's rights.

54.     The acts of Defendants alleged herein above were, upon information and belief, committed willfully with full knowledge of Val-Matic's rights and with the intention of confusing, deceiving, and/or misleading consumers or potential consumers.

55.     As a direct and proximate result of Defendants' unlawful infringement, Val-Matic has no adequate remedy and has suffered irreparable harm to its reputation and goodwill and has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial.  Val-Matic is entitled to all available relief provided for in 15 U.S.C. §§ 1116, 1117, and 1118, including, but not limited to, preliminary and permanent injunctive relief, Defendants' profits, Val-Matic's damages, statutory damages, treble damages, costs, and attorneys' fees.

**SECOND CLAIM FOR RELIEF**

**Trademark Infringement and Counterfeiting of U.S. Reg. No. 3,119,333**

**under 15 U.S.C. § 1114**

56.     Val-Matic repeats and re-alleges the allegations set forth in paragraphs 1 through 44 above, as if set forth fully herein.

10

57.     Val-Matic owns the exclusive rights to the U.S. Reg. No. 3,119,333 and the DUAL DISC® mark.

58.     Val-Matic's use of the DUAL DISC® in the United States predates that of Defendants.

59.     Notwithstanding Val-Matic's well known and prior common law and statutory rights in the DUAL DISC® mark, Defendants, upon information and belief, have, with actual knowledge and constructive notice of Val-Matic's federal registration rights and long after Val-Matic established its rights in DUAL DISC® mark, adopted and used "Dual-Disc" in conjunction with the promotion, advertising, sale and transportation of check valves and related products in interstate commerce.

60.     Defendants' use of "Dual-Disc" on or in association with Defendants' CVIII Double Disc Check Valve is likely to, *inter alia*, cause confusion, mistake, and/or deception among consumers or potential consumers with Val-Matic's DUAL DISC® mark.

61.     Defendants' "Dual-Disc" mark is nearly identical to and substantially indistinguishable from Val-Matic's DUAL DISC® mark and thus comprises a counterfeit mark.

62.     Val-Matic has not authorized, licensed or otherwise condoned or consented to Defendants' use of "Dual-Disc."

63.     Accordingly, the acts of Defendants alleged herein above comprise a violation of 15 U.S.C. § 1114 because Defendants are willfully infringing and/or intentionally using counterfeits of the Val-Matic DUAL DISC® mark.

64.     Unless restrained and enjoined by this Court, such conduct will permit Defendants to gain an unfair competitive advantage over Val-Matic, enjoy the selling power of the DUAL DISC® mark, allow Defendants to interfere with Val-Matic's continued promotion and expansion

11

of the DUAL DISC® mark, and continue to cause irreparable injury to Val-Matic if Defendants are not restrained by the Court from further violation of Val-Matic's rights.

65.     The acts of Defendants alleged herein above were, upon information and belief, committed willfully with full knowledge of Val-Matic's rights and with the intention of confusing, deceiving, and/or misleading consumers or potential consumers.

66.     As a direct and proximate result of Defendants' unlawful infringement, Val-Matic has no adequate remedy and has suffered irreparable harm to its reputation and goodwill and has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial.  Val-Matic is entitled to all available relief provided for in 15 U.S.C. §§ 1116, 1117, and 1118, including, but not limited to, preliminary and permanent injunctive relief, Defendants' profits, Val-Matic's damages, statutory damages, treble damages, costs, and attorneys' fees.

## THIRD CLAIM FOR RELIEF

### Unfair Competition 15 U.S.C. § 1125

67.     Val-Matic repeats and re-alleges the allegations set forth in paragraphs 1 through 66 above, as if set forth fully herein.

68.     Val-Matic owns the exclusive rights to the SWING-FLEX® and DUAL DISC® marks.  Val-Matic's use of the SWING-FLEX® and DUAL DISC® marks in the United States predates that of Defendants.

69.     Notwithstanding Val-Matic's well known and prior common law and statutory rights in the SWING-FLEX® and DUAL DISC® marks, Defendants have adopted and used the Infringing Marks in conjunction with the promotion, advertising, sale and transportation of check valves and related products in interstate commerce.

70.     Val-Matic has not authorized, licensed or otherwise condoned or consented to Defendants' use of the Infringing Marks.

71.     Defendants' use of the Infringing Marks is likely to cause confusion, or to cause mistake, or to deceive the public, consumers, and/or potential customers as to the affiliation, connection, or association of Defendants with Val-Matic, or as to the origin, sponsorship, or approval of Defendants' goods, products, services, or commercial activities by Val-Matic.

72.     Val-Matic has been harmed and damaged by Defendants' use of the Infringing Marks.

73.     The acts of Defendants alleged herein above were, upon information and belief, committed willfully with full knowledge of Val-Matic's rights and with the intention of deceiving and misleading the public.

74.     The acts of Defendants alleged herein above were, upon information and belief, committed willfully with full knowledge of Val-Matic's rights and with the intention of causing harm to Val-Matic.

75.     Based upon the actions alleged herein, Defendants' actions constitute a violation of 15 U.S.C. § 1125.

76.     As a direct and proximate result of Defendants' unlawful infringement, Val-Matic has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial.  Val-Matic is entitled to all available relief provided for in 15 U.S.C. §§ 1116, 1117, and 1118, including temporary, preliminary and permanent injunctive relief, Defendants' profits, Val-Matic's damages, statutory damages, treble damages, costs, and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**

**Violation of Illinois Uniform Deceptive Trade Practices Act**
**(815 ILCS § 510, et seq.)**

77.     Val-Matic hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 76.

78.     Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their Products as those of Val-Matic; causing a likelihood of confusion and/or misunderstanding as to the source of their goods; causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with Val-Matic and/or its products; representing that Defendants' products have Val-Matic's approval when Defendants' products do not; and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

79.     The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

80.     Val-Matic has no adequate remedy at law, and Defendants' conduct has caused Val-Matic to suffer damage to its reputation and goodwill.  Unless enjoined by the Court, Val-Matic will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**PRAYER FOR RELIEF**

WHEREFORE, Val-Matic Valve and Manufacturing Corporation prays that the Court enter an Order against Defendants as follows:

1.     Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

a) further infringing Val-Matic's SWING-FLEX® or DUAL DISC® marks by importing, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any goods, including, but not limited to check valves and related products, bearing the Infringing Marks or variations thereof or any other simulation, reproduction, counterfeit, copy or colorable imitation of Val-Matic's SWING-FLEX® or DUAL DISC® marks;

b) using any simulation, reproduction, counterfeit, copy, confusingly similar or colorable imitation of Val-Matic's SWING-FLEX® or DUAL DISC® marks in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution (including, but not limited to, use of Internet websites including, but not limited to www.vsiwaterworks.com) of any products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Val-Matic, or to any goods sold, manufactured, sponsored or approved by, or connected with Val-Matic;

c) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed or sold by Defendants are in any manner associated or sponsored by or connected with Val-Matic, or are sold, manufactured, licensed, sponsored, approved or authorized by Val-Matic;

d) using any mark likely to dilute or tarnish or cause confusion with Val-Matic's SWING-FLEX® or DUAL DISC® marks;

e) otherwise competing unfairly with Val-Matic in any manner;

f) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (e); and,

g) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products, or inventory not manufactured by or for Val-Matic, as well as advertisements or solicitations for same, nor authorized by Val-Matic to be distributed, sold, or offered for sale, and which bear Val- Matic's SWING-FLEX® or DUAL DISC® marks or any reproduction, counterfeit copy or colorable imitation thereof.

2. Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendants are authorized by Val-Matic, or related in any way to Val-Matic and/or its products.

3. That Val-Matic be awarded from Defendants, as a result of Defendants' use of the Infringing Marks, three times Val-Matic's damages therefrom and three times Defendants' profits therefrom, after an accounting, pursuant to 15 U.S.C. § 1114 and § 1117.

4. In the alternative, that Val-Matic be awarded statutory damages for trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $200,000 for each and every counterfeit use of the SWING-FLEX® and DUAL DISC® marks, and to the extent this Court finds such counterfeiting was willful, $2,000,000, pursuant to 15 U.S.C. § 1117(d).

5. Awarding Val-Matic its reasonable attorneys' fees and investigative fees pursuant to 15 U.S.C. § 1117.

6.     Awarding Val-Matic punitive damages for Defendants' willful acts of unfair competition under Illinois law.

7.     Awarding Val-Matic its costs in bringing this action.

8.     Awarding Val-Matic any further relief that this Court deems just and proper and/or any other relief authorized by statute or law not specifically mentioned herein.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Val-Matic hereby demands a trial by jury of all issues so triable.

Dated this 17th day of May 2016.                    Respectfully submitted,

                                   _____/s/ Kevin W. Guynn_____
                                   Kevin W. Guynn
                                   Patrick J. Smith
                                   Greer, Burns & Crain, Ltd.
                                   300 South Wacker Drive, Suite 2500
                                   Chicago, Illinois 60606
                                   312.360.0080 /312.360.9315 (facsimile)
                                   kguynn@gbc.law
                                   psmith@gbc.law

                                   *Counsel for Val-Matic Valve And
                                   Manufacturing Corporation*